SCHROEDER v. HELMS.

(Supreme Court, Appellate Term. March 26, 1906.)

1. GUARANTY—CONDITIONAL PROMISE—LIABILITY OF GUARANTOR.
      Where defendant guarantied an indebtedness of a firm to plaintiff, provided defendant received a chattel mortgage on the debtors' fixtures, and no valid chattel mortgage was ever executed or delivered, but the debtors were discharged of their indebtedness by proceedings in bankruptcy, defendant was not liable on the guaranty.

2. FRAUDS, STATUTE OF—DEBT OF ANOTHER—PROMISE TO PAY.

　　An oral promise that defendant would guaranty the indebtedness of his brothers to plaintiff, provided defendant received a chattel mortgage on his brothers' fixtures, was not an original promise, but was within the statute of frauds.

　　[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 18.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

　Action by August Schroeder against John Helms. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

　Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

John G. Snyder, for appellant.
Herman Elfers, for respondent.

NEWBURGER, J. Plaintiff was employed as a salesman by a tea house. In the course of business, plaintiff, in behalf of his employers, sold certain goods to two brothers of this defendant, who were in business under the firm name of Helms Bros. Subsequently, and after the account became due, the defendant in the course of a conversation stated to the plaintiff that he would guaranty the amount due from Helms Bros. to plaintiff, provided he (defendant) received a chattel mortgage on the fixtures of Helms Bros.' business. Plaintiff claims he had to pay his employers one-half of the indebtedness above referred to, and commenced this action to recover the amount.

It is conceded that no mortgage was ever given to defendant, or filed, or that he received any fixtures. There was offered in evidence a blank chattel mortgage, signed by Helms Bros. It was not properly executed or delivered. It also appeared that Helms Bros. filed a petition in bankruptcy and were discharged of all their debts and liabilities, and that plaintiff's employers' claim was referred to in the schedules in bankruptcy. Upon this evidence the trial justice found for plaintiff. The promise by defendant was not in writing. The contention of the plaintiff that no writing was required, as it was an original promise, is untenable.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.